IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND LUIS GARCIA,

    Petitioner,                      No. CIV S-07-2740 LEW GGH P

    vs.

KEN CLARK, et al.,

    Respondents.                  ORDER

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

2  providing the highest state court with a full and fair opportunity to consider all claims before

3  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

4  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

5              Petitioner identifies one of the grounds of his petition, evidently a claim of a

6  Brady[2] violation (prosecution withholding material exculpatory evidence), as never having been

7  previously presented to any court, i.e., unexhausted "[b]ecause I didn't know how to write it

8  down in legal terms, until now."  In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), the

9  United States Supreme Court found that a stay and abeyance of a mixed federal petition should

10 be available only in the limited circumstance that good cause is shown for a failure to have first

11 exhausted the claims in state court, that the claim or claims at issue potentially have merit and

12 that there has been no indication that petitioner has been intentionally dilatory in pursuing the

13 litigation.  Rhines, supra, at 277-78, 125 S. Ct. at 1535.

14             Petitioner must file, within 30 days, a motion for stay and abeyance of his petition,

15 pending exhaustion of the unexhausted ground, or he must inform the court that he wishes to

16 proceed at this time only upon the three grounds that he maintains have been exhausted.

17             In accordance with the above, IT IS HEREBY ORDERED that:

18             1.  Petitioner's application to proceed in forma pauperis is granted;

19             2.  Petitioner must file, within 30 days, a motion for stay and abeyance of his

20 petition, pending exhaustion of the unexhausted ground, or he must inform the court that he

21 wishes to proceed at this time only upon the three grounds that he maintains have been

22 exhausted; failure to do so will result in a recommendation that the unexhausted claim be

23 stricken from the petition.

24             3.  Upon the filing of a motion or other response by petitioner, the court will direct

25 ─────────────

26         [2] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963).

1  a response by respondent, as appropriate.

2        4. The Clerk of the Court shall serve a copy of this order together with a copy of

3  the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell,

4  Senior Assistant Attorney General.

5  DATED: 01/30/08　　　　　　　　　　　　/s/ Gregory G. Hollows

6  　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
   　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

7

8  GGH:009/bb
   garc2740.103

3