IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND LUIS GARCIA, | | |
| | Petitioner, | No. CIV S-07-2740 JAM GGH P |
| vs. | | |
| KEN CLARK, et al., | | <u>ORDER</u> and |
| | Respondents. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

<u>Introduction</u>

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he pled guilty to multiple counts of sexual battery with restraint and was sentenced in November of 2004 to a term of 30 years to life.[1] Petition, p. 1. Petitioner raises the following grounds: 1) involuntary guilty plea; 2) double jeopardy; 3) ineffective assistance of counsel; 4) prosecution failed to disclose information favorable to the defense in violation of the constitution. Id., 4-19.

By Order, filed on 1/30/08, because it appeared that ground 4 had not been exhausted, petitioner was directed, within thirty days, either to file a motion for a stay or to

---

[1] Respondent contends that petitioner was sentenced to an indeterminate term of 15 years to life plus a determinate 4-year sentence. Docket Entry (DE) # 11, p. 2.

inform the court that he wished to proceed upon the three remaining grounds that he maintained had been exhausted. The court therein informed petitioner that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).² A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). See Order, filed on 1/30/08.

        The court further stated that petitioner had identified one of the grounds of his petition, evidently a Brady³ violation claim (prosecution withholding material exculpatory evidence), as never having been previously presented to any court, i.e., unexhausted "[b]ecause I didn't know how to write it down in legal terms, until now." See Order, filed on 1/30/08, quoting petition. In directing petitioner either to file a motion for a stay or to inform the court that he wished to proceed only upon the three grounds that he maintained were exhausted, the undersigned further informed him that in Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S. Ct. at 1535. See id.

        Pending before the court are petitioner's two largely duplicative motions for a stay, filed on 2/08/08 and on 5/09/08, respectively. By Order filed on 5/01/08, before petitioner

---

² A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

³ Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963).

had filed the second virtually identical motion, the court had directed respondent to file a response to the first motion, which respondent did on 5/14/08. Petitioner's second motion will be stricken both as duplicative and belated.

Motion to Stay

Petitioner contends that he filed a mixed petition in order to avoid the running of the AEDPA statute of limitations, and that he simply was not aware of how to frame the unexhausted ground, claim 4, the Brady claim. Petitioner does not provide any specifics as to what alerted him to the claim or how recently he became aware of it.

Respondent concedes the exhaustion of claims 1, 2, and 3 in the only petition that petitioner has presented to the state supreme court, but argues that petitioner has failed to set forth an adequate explanation for having failed to include his claim 4 in the state supreme court petition he filed on 11/15/06, which was denied on 5/09/07. Opposition, pp. 2-3. Moreover, respondent observes that petitioner has made no attempt to proceed to exhaust claim 4 in the state courts, notwithstanding the court's Order, filed on 1/30/08, regarding the unexhausted claim presented in the 12/19/07 instant federal petition. Id. at 2. Further, respondent asserts that the petition is untimely.[4]

"[A] stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." Jackson v. Roe, 425 F.23d 654, 661 (9th Cir. 2005) (quoting Rhines, 544 U.S. at 277)); see also Pace v. DiGuglielmo, 514 U.S. 408, 416, 125 S.Ct. 1807 (April 27, 2005) (prisoners may file a "protective petition" in federal court asking the court to stay and abey the federal proceedings until state remedies are exhausted.)

\\\\\

---

[4] This appears to be a colorable contention on the face of it. As this court only directed respondent to file a response to the motion for a stay, respondent evidently concluded that filing a motion to dismiss the entire petition on grounds of untimeliness would have been premature.

1    What constitutes good cause has not been precisely defined except to indicate at
2 the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, supra,
3 125 S. Ct. at 1535, and that "extraordinary circumstances" need not be found. Jackson v. Roe,
4 425 F.3d at 661-662. "But as the Jackson court recognized, we must interpret whether a
5 petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in
6 Rhines that the district court should only stay mixed petitions in "'limited circumstances.'" Id. at
7 661. We also must be mindful that AEDPA aims to encourage the finality of sentences and to
8 encourage petitioners to exhaust their claims in state court before filing in federal court."

9    Petitioner has not made any showing whatever of good cause for failing to exhaust
10 claim 4, despite his dramatic, but wholly unsupported, contention that "it is crucial to his case."
11 See motion. Simply averring that he was unable to frame the claim in legal terms until some
12 undefined point with no factual predicate for the circumstances surrounding the point at which he
13 was able to make the claim, explaining concretely why it could not have been made earlier and at
14 what point it was finally made, while it does not demonstrate that petitioner was intentionally
15 dilatory, does indicate a wholesale lack of diligence.

16    In addition, on the face of it, the claim itself lacks merit. In claim 4, while
17 petitioner initially couches the claim as a violation of his constitutional rights by the
18 prosecution's failure to provide the defense with police videotape evidence of a young minor girl
19 purportedly admitting that it was her idea to engage in sexual acts with the male adult petitioner,
20 petitioner transmutes the claim into one decrying the failure of his public defender to present the
21 videotape evidence as evidence tending to mitigate petitioner's culpability, i.e, confusingly
22 transforming the claim into one for the ineffective assistance of counsel. See petition, pp. 5, 15.
23 Without adjudicating the substantive "merits" of such a claim, the court notes that petitioner did
24 not go to trial, but pled guilty to the offenses, tending to undermine any possible viability of such
25 a claim. Petitioner's motion will be denied.
26 \\\\\

Accordingly, IT IS ORDERED that the Clerk of the Court is directed to strike petitioner's duplicative and untimely second motion for a stay, filed on 5/09/08 (#10), from the case docket.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay and abeyance, pending exhaustion of claim 4, filed on 2/08/08 (#7), be denied, and that claim 4 be stricken from the petition;

2. This petition proceed on claims 1 through 3, and respondent be directed to file a response within thirty days of adoption of these findings and recommendations, should that occur; thereafter, if the response is a motion, petitioner's opposition be filed within thirty days after service of the motion, and respondent's reply, if any, be filed within fifteen days thereafter. If the response is an answer, petitioner's reply/traverse, if any, be filed within thirty days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/08/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
garc2740.mtn

5