IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND LUIS GARCIA,

    Petitioner,                    No. CIV S- 07-2740 JAM GGH P

    vs.

KEN CLARK, et al.,                 FINDINGS AND RECOMMENDATIONS

    Respondents.

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner, charged with numerous sex-related offenses involving a minor, pled guilty in 2004 in San Joaquin County Superior Court to various counts and was sentenced to an indeterminate term of 15 years to life, plus a determinate sentence of 4 years. Petition, p. 1; Motion to Dismiss (MTD), Lodged Document (Lod. Doc. 1).[1] Petitioner raises the following grounds: 1) involuntary guilty plea; 2) double jeopardy; 3) ineffective assistance of counsel.[2]

---

[1] Petitioner asserts that he was sentenced to a term of 30 years to life, but the abstract of judgment supports respondent's representation as to the sentence imposed.

[2] By Order, filed on October 23, 2008, a fourth ground petitioner sought to raise, based on Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), was found to be unexhausted, for which failure petitioner, on his motion for a stay to exhaust the claim, failed to show good cause, nor

Motion to Dismiss

        Respondent moves for dismissal on the ground that the petition is barred by the one-year AEPDA statute of limitations. MTD, p. 1.

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        Petitioner pled guilty and was convicted on October 5, 2004. Petition, p. 1; MTD, p. 1, Lod. Doc. 1. Petitioner did not timely appeal the sentence imposed on November 9, 2004. Respondent correctly contends that the period for direct review expired sixty days thereafter, on January 8, 2005. MTD, pp. 2-3, citing Cal. R. Ct., Rule 8.308, Lod. Doc. 1. As respondent observes, the AEPDA one-year statute of limitations began to run the next day and expired, absent applicable tolling, on January 8, 2006. Id., at 3, citing <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001). Respondent notes that petitioner belatedly sought to appeal, on May

---

did he demonstrate the claim had merit, and this claim was stricken from the petition. <u>See also</u>, <u>Order</u> & <u>Findings and Recommendations</u>, filed on September 8, 2008.

16, 2006,[3] more than a year after expiration of the time to do so, and sought to appeal to the superior court, which notice of appeal was found to be both untimely and inoperable. MTD, p. 1, Lod. Doc. 2.

Petitioner filed the first of his two state habeas petitions on September 15, 2006. MTD, p. 2, Lod. Doc. 3. This petition, filed in the Third District Court of Appeal, was denied on September 28, 2006. Lod. Doc. 4. The second petition, filed in the California Supreme Court, on November 3, 2006, was denied on May 9, 2007. Lod. Docs. 5 & 6. The instant petition was filed on December 13, 2007.[4]

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. However, § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitation period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Petitioner's state court habeas petitions, the first of which was filed more than eight months beyond the expiration of the AEDPA deadline, cannot toll the running of the already-run statute.

Petitioner's opposition is simply inadequate. Petitioner makes no cogent argument that his petition is statutorily timely. See Opposition (Opp.), pp. 1-20 (including exhibits). Respondent is therefore correct that the instant petition, filed on December 13, 2007, was filed more than twenty-three months beyond the expiration of the applicable statute of

---

[3] By application of the mailbox rule. Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

[4] The court has applied the mailbox rule with respect to petitioner's filings both in the state courts and in this court, as respondent appropriately did.

limitations on January 8, 2006. MTD, p. 3. Although petitioner does not specifically argue for equitable tolling, the court will construe petitioner's arguments as seeking such relief.

Equitable Tolling

In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. District Court for Cent. Dist. of CA. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling will not be available in most cases because tolling should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. Beeler, 128 F.3d at 1288-89. As held in Beeler, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998). Moreover, ignorance of the law does not constitute such extraordinary circumstances. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

In the Calderon (Beeler) case, the Court of Appeals held that the district court properly found equitable tolling to allow Beeler more time to file his petition. Beeler's lead counsel withdrew after accepting employment in another state, and much of the work he left behind was not usable by replacement counsel – a turn of events over which the court found Beeler had no control. The Court of Appeals held that the district court properly found these

4

were "extraordinary circumstances" sufficient to toll the statute of limitations.[5] The Ninth Circuit also found extraordinary circumstances in Calderon v. U.S. Dist. Ct. (Kelly), supra, 163 F.3d 530. The three reasons given which independently justified tolling were: a district court stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency until a reasonable time after the court makes a competency determination, and the fact that petitioner did at one time have timely habeas proceedings pending which were mistakenly dismissed, not as a result of any doing by petitioner. Id. at 541-42. See also Corjasso v. Ayers, 278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling); Miles v. Prunty, 187 F.3d at 1107 (delay by prison in withdrawing funds from prisoner's trust account, preparing and mailing filing fee were circumstances beyond his control, qualifying him for equitable tolling); Stillman v. Lamarque, 319 F.3d 1199, 1202-03 (9th Cir. 2003) (equitable tolling permitted where litigation coordinator broke a promise to petitioner's counsel to return a signed petition for timely filing); Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) (sufficiently egregious misconduct by counsel, such as wholly deficient performance, may justify equitable tolling).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]). A

---

[5] See also Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998), wherein the court applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition for certiorari until thirteen months after the denial was entered.

petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule." Id.

Petitioner maintains that it is unfair for respondent to maintain that his appeal was untimely and inoperable, when in the letter from the appellate clerk of the San Joaquin County Superior Court, dated June 9, 2006, informing petitioner that his belated notice of appeal indeed "was untimely and is not operable," a sentence is included therein directing petitioner that, if he wished to seek relief from default, he could contact the Central Appellate Program (for which the address was provided). Opposition (Opp.), pp. 1, 5; Lod. Doc. 2. Petitioner contends that when he thereafter sought relief from the default from the Central Appellate Program in Sacramento, that their response was to mail him a document, which he states that he has enclosed, indicating that the relief from default had been granted. Opp., p. 1.

In the first place, any relief from default would have to be granted by the court and could not be provided by the program petitioner references. In the second place, petitioner includes no document that appears to be a response from the Central Appellate Program. Instead, there is an unauthenticated copy of a letter from the clerk's office of the Third Appellate District, dated earlier, on November 4, 2005, indicating that notices of appeal are to be filed in accordance with the California Rules of Court, and that such notices in criminal matters are to be filed "within '60 days after the rendition of the judgment...being appealed." Opp., p. 7. The letter directs petitioner, generically, to "if timely," forward his notice of appeal "to the appropriate trial court." It is clear that the letter is intended to be informative in a general sense and expressly makes no reference to legal issues. Petitioner admits that he erroneously attempted to file a notice of appeal in the state appellate court, on November 4, 2005, which prompted this response from the clerk. Opp., p. 3. The undersigned also notes from the date of the erroneously filed appeal and of this letter that petitioner's direct appeal would have been untimely by some ten months at that time in accordance with state court rules, his appeal deadline having expired on January 8, 2005.

1       Petitioner further contends that due to prison lockdowns he could not file his
2 appeal within 60 days, but believes he deserves credit for having made an effort to file his notice
3 of appeal within a year (albeit in the wrong court). Opp., p. 3.  Again, conceding he made a "legal
4 error" in the effort to appeal his case, he also argues that his failure to file a timely notice of his
5 appeal is attributable to legal errors by the superior court and to his public defender.  He
6 maintains that after a defendant is *sentenced,* he must be informed of his right to appeal and that
7 both his public defender and the trial court failed to do so.  Opp., p. 2.  His proof of this alleged
8 deficiency, however, is woefully inadequate.  Petitioner states that he is including the first and
9 last three pages of his "change of plea" transcript, dated October 5, 2004, wherein after the judge
10 asked, "[a]nything else anybody can think of?," no response was forthcoming from his counsel,
11 nor did the court separately advise him of his right to appeal.  Opp., 2.

12       In the first place, petitioner does not include three of the first and three of the last
13 pages of any hearing.  He apparently includes three pages total of an unauthenticated reporter's
14 transcript of a change of plea hearing, dated October 5, 2004, the date upon which he evidently
15 entered his plea.  Opp., pp. 8-10.  The first page notes the appearance of counsel; however, the
16 second of the following two pages, which appear to be addressed to calendaring the sentencing
17 matter, begins in the middle of a sentence.  Petitioner includes nothing of the plea colloquy itself
18 nor of the subsequent sentencing proceeding.  There being no plea colloquy or written plea
19 agreement produced, petitioner fails to produce a scintilla of evidence that he was not informed
20 about what, if any, right of appeal he might retain or that in entering a plea of guilty that he did
21 not voluntarily and knowingly waive any such right, much less meet his burden to show his
22 entitlement to equitable tolling.  Petitioner also appears to be conflating the merits of his claims
23 with his opposition to a procedural motion.  Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988)
24 (due process requires a guilty plea be both voluntary and intelligent, citing Boykin v. Alabama,
25 395 U.S. 238, 242, 89 S. Ct. (1969)).  Petitioner, in addition, misguidedly relies on a prior ruling
26 in the instant case, wherein petitioner's motion for a stay was denied and one claim stricken as

unexhausted, producing a portion of it as though it were some kind imprimatur signifying that he may proceed to the merits of his remaining claims without further ado. Petitioner also does not address, in focusing his arguments upon his failed direct appeal, how he might be entitled to equitable tolling for not having proceeded on his state court habeas petitions within the one-year statutory limitation period of § 2244(d). Petitioner simply makes no showing that he might be remotely entitled to equitable tolling for this late-filed petition.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss as barred by the AEDPA statute of limitations, filed on November 20, 2008 (docket # 16), be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 06/25/09

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
garc2740.mtd